UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWARD JAMAL DAVIS,                           :          **Hon. Dennis M. Cavanaugh**

                        Petitioner,            :          Civil No. 09-2768 (DMC)

            v.                                 :

MICHELLE R. RICCI, et al.,                     :          **OPINION**

                        Respondents.           :

APPEARANCES:

> EDWARD JAMAL DAVIS, #988228B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner Pro Se

**CAVANAUGH**, District Judge

Edward Jamal Davis, a prisoner incarcerated at New Jersey State Prison, filed a Petition

for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in

the Superior Court of New Jersey, Hudson County, on May 1, 1997.  For the reasons expressed

below, and because the Petition, as drafted and read in light of the pertinent state court decisions

(available online), shows that Petitioner's claims are time barred, this Court will dismiss the

Petition as untimely and deny a certificate of appealability.  See 28 U.S.C. § 2254 Rule 4.

**I.  BACKGROUND**

Petitioner challenges a judgment of conviction entered in the Superior Court of New

Jersey, Law Division, Hudson County, on May 1, 1997, after a jury found him guilty of murder,

felony murder, armed robbery, conspiracy, unlawful possession of a handgun, possession of a

handgun for an unlawful purpose, and receiving stolen property. (Pet. ¶¶ 1-6.)  See State v. Davis, 2007 WL 2823214 (N.J. Super., App. Div., Oct. 1, 2007).  The Law Division imposed an aggregate sentence of life imprisonment plus 25 years, with 42.5 years of parole ineligibility.  Id. Petitioner appealed, and on November 4, 1998, the Appellate Division "affirmed defendant's convictions, but . . . remanded 'for reconsideration of whether the sentences should run concurrently or consecutively.'  State v. Davis, No. A-6108-96 (App. Div. November 4, 1998 (slip op. at 5)."  Davis, 2007 WL 2823214 at *1.  On February 2, 1999, the New Jersey Supreme Court denied certification.  See State v. Davis, 158 N.J. 70 (1999) (table).  Petitioner does not specify the date of resentencing.

According to the Appellate Division, Petitioner filed a petition for post-conviction relief in the Law Division "six years and ten months" after the date of conviction (May 1, 1997), see Davis, 2007 WL 2823214 at *2, or on March 1, 2004.  The Law Division denied relief on February 16, 2006, finding that the petition for post-conviction relief was time barred.  Petitioner appealed the order denying post-conviction relief, arguing that trial counsel and post-conviction relief counsel were constitutionally ineffective, the post-conviction relief court erred in failing to determine whether Petitioner had waived his right to wear non-prison clothing during jury selection, and the petition was not time barred.  Id. at *3.  The Appellate Division affirmed, substantially for the reasons expressed by the Law Division, but with the following comments:

> In the present matter, Judge Theemling correctly concluded that
> defendant's PCR petition was filed well beyond the five-year
> period allowed by R. 3:22-12, and that defendant failed to show
> relaxation of this time bar was required either because his delay
> was due to 'excusable neglect' or because the 'interests of justice'
> demand such relaxation.  See State v. Goodwin, 173 N.J. 583, 594-
> 95 (2002).  Nonetheless, Judge Theemling addressed the merits of

> defendant's petition, and we concur with his conclusions.  We
> agree that the evidence of defendant's guilt - including testimony
> from two co-defendants, defendant's sister, and his former
> girlfriend - was 'overwhelming.'  We also agree defendant's vague
> and unsubstantiated allegations were 'suspect.'  Thus, defendant
> was not entitled to an evidentiary hearing because he failed to
> present a prima facie claim of ineffective assistance of counsel.

Davis, 2007 WL 2823214 at *4.

The New Jersey Supreme Court denied certification on January 24, 2008.  See State v. Davis, 193 N.J. 587 (2008) (table).  According to a letter from Petitioner's post-conviction relief counsel to the Clerk of this Court, Petitioner was not notified of the Supreme Court's order until June 2008.[1]

Petitioner executed his form § 2254 Petition on May 28, 2009.  The Clerk received it on June 5, 2009.  In paragraph 12, the section of the Petition which directs the petitioner to specify the grounds and supporting facts, Petitioner wrote "See attached addendum."  The attached addendum consists of four typed pages, with the following page headings: "Issues raised during petitioner's direct appeal" (two point headings); "Issues presented in petitioner's petition for Post Conviction Relief in the Hudson County Law Division" (three point headings); "Issues raised on Appeal from the denial of a petition for Post Conviction Relief" (six point headings); and "Supreme Court on Petition for Certification from the Superior Court of New Jersey, Appellate Division" (three point headings).  (Pet. Addendum) [Docket entry 1-3, pp. 1-4].  The Addendum

---

[1] "Although the Supreme Court denied Mr. Davis petition for certification in or about February 2008, the Office of the Public Defender did not forward this information (or the Order) to Mr. Davis until June 2008.  Mr. Davis forwarded his [§ 2254] petition to me this week and requested that I forward this letter with the petition for the Court's consideration."  (Letter to Clerk dated June 4, 2009) [Docket entry #1, p. 1.)

does not, however, list the grounds which Petitioner seeks to present to this Court or state the facts supporting each ground.  Id.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

B.  Statute of Limitations

Prior to substantively commenting on the sufficiency of the Petition itself, this Court will determine whether the Petition, together with the relevant state court decisions (which are electronically available), show that the Petition is time barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks sufficient information to establish timeliness,

but may do so where untimeliness is clear from the face of the petition or pled as an affirmative defense); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." 28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and

accepted by, the appropriate court officer for placement into the official record." Artuz v.

Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and
> acceptance are in compliance with the applicable laws and rules
> governing filings.  These usually prescribe, for example, the form
> of the document, the time limits upon its delivery, the court and
> office in which it must be lodged, and the requisite filing fee . . . .
> In some jurisdictions the filing requirements also include, for
> example, preconditions imposed on particular abusive filers, or on
> all filers generally . . . .  But in common usage, the question
> whether an application has been "properly filed" is quite separate
> from the question whether the claims *contained in the application*
> are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 128 S. Ct. 2 (2007) (petition

for state post-conviction relief that was rejected by the state courts as untimely is not "properly

filed" under § 2244(d)(2), whether the statute of limitations is jurisdictional or an affirmative

defense).  A post-conviction relief application remains pending in state court until "the state

courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2)

does not toll the 1-year limitations period during the pendency of a petition for certiorari."

Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007).[2]

The AEDPA statute of limitations is also subject to equitable tolling.  See Miller, 145

F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two

elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[2] Nor does the petitioner's properly filed motion for discretionary reduction of the
sentence, which does not challenge the lawfulness of the sentence, result in statutory tolling.  See
Hartmann v. Carroll, 492 F. 3d 478 (3d Cir. 2007).

circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Third

Circuit instructs that equitable tolling is appropriate when "the principles of equity would make

the rigid application of a limitation period unfair, such as when a state prisoner faces

extraordinary circumstances that prevent him from filing a timely habeas petition *and* the

prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."

LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).

Extraordinary circumstances have been found where (1) the defendant has actively misled

the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his

rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones,

195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take

to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[3]  Even where

extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not

exercised reasonable diligence in attempting to file after the extraordinary circumstances began,

the link of causation between the extraordinary circumstances and the failure to file is broken,

and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon,

---

[3] For example, in Urcinoli v. Cathel, 546 F. 3d 269 (3d Cir. 2008), the United States
Court of Appeals for the Third Circuit determined that equitable tolling was warranted where the
District Court's sua sponte dismissal of the first § 2254 petition as mixed (which dismissal
occurred after the one year limitations period had already expired), prevented the petitioner in an
extraordinary way from pursuing his exhausted claims, since the petitioner was not given the
option of proceeding only on the exhausted claims.  Similarly, in Taylor v. Horn, 504 F. 3d 416,
426-27 (3d Cir. 2007), the Third Circuit affirmed the District Court's ruling that, where the
District Court declined to stay a mixed § 2254 petition but noted that Taylor's filing of an
exhausted petition would relate back under Federal Rule of Civil Procedure 15(c), equitable
tolling was warranted.

322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). The New Jersey Supreme Court denied certification on direct appeal on February 2, 1999. The statute of limitations therefore began to run 91 days later, on May 4, 1999, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). The limitations period ran for 365 days until it expired on May 3, 2000. Because Petitioner did not file his petition for post-conviction relief until March 1, 2004, see State v. Davis, 2007 WL 2823214 at *1 (Petitioner "waited six years and ten months [from entry of the judgment of conviction on May 1, 1997,] before filing the petition [for post-conviction relief]), the Petition is time barred in the absence of statutory or equitable tolling. See Wilson v. Beard, 426 F.3d 653, 663 (3d Cir. 2005).

Statutory tolling is not available, as Petitioner did not file his state petition for post-conviction relief until March 2004, long after the one-year statute of limitations had expired. See Long, 393 F.3d at 394-95 (state post-conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). Nor is equitable tolling warranted, given that the New Jersey courts determined that Petitioner had not established excusable neglect or shown that the interests of justice demanded relaxation of the five-year state statute of limitations.[4]

---

[4] Excusable neglect, the standard which the Appellate Division determined that Petitioner had failed to satisfy, is not an extraordinary circumstance warranting equitable tolling of the
(continued...)

9

Moreover, Petitioner has not exercised diligence in pursuing his rights.  He did not pursue post-conviction relief until five years after his conviction became final.  And he did not even execute the instant § 2254 Petition until May 28, 2009, which is at least 331 days after he received notice in June 2008 that the New Jersey Supreme Court had denied certification on January 24, 2008.  See State v. Davis, 193 N.J. 587 (2008) (table).  As the Supreme Court observed in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid justification, to assert these claims in his . . . PCRA petition.  Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal.  And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court.  Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

In this case, the face of the Petition, together with the relevant state court decisions (available electronically), show that Petitioner was not prevented from asserting his claims by extraordinary circumstances, and he did not exercise reasonable diligence.  Under these circumstances, equitable tolling of the statute of limitations is not available.  Given this long delay and the fact that the Petition specifies no grounds, the interests of justice would not be better served by addressing the merits of any claims Petitioner may seek to present in an amended petition.  See Day, 547 U.S. at 210.  This Court will dismiss the Petition as time barred.

---

[4](...continued)
AEDPA statute of limitations.  See Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).  Nor is attorney error.  See Lawrence v. Florida, 127 S. Ct. at 1085.  Nor is excusable neglect.  See Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

This Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition, and might wish to raise these grounds to show timeliness of his Petition, i.e., to account for the periods from May 4, 2000 (when the statute of limitations expired) through March 1, 2004 (when he filed his petition for post-conviction relief), and July 1, 2008 (when Petitioner was advised that the New Jersey Supreme Court had denied certification on January 25, 2008), through May 28, 2009 (when he signed the instant § 2254 Petition).[5] See Day, 547 U.S. at 210 (before acting on timeliness of petition on its own initiative, court must accord Petitioner fair notice and an opportunity to present his position); Tozer v. Powers, Docket No. 08-2432 (RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008). This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise shows that the Petition is not untimely. This Court will administratively terminate the case for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court

---

[5] This Court is not ruling on whether Petitioner is entitled to statutory tolling during the period his untimely state petition for post-conviction relief was pending before the New Jersey courts.

11

held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

DENNIS M. CAVANAUGH
United States District Judge

DATED: _____, 2009